## In re FLORIDA PRECAST CONCRETE, INC., Debtor.

**Bankruptcy No. 89–0832–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1992.

See also 112 B.R. 451, 139 B.R. 37.

Don M. Stichter, Tampa, Fla., for debtor.

Buddy Ford, Tampa, Fla., for Creditor's Committee.

Catherine Peek McEwen, Tampa, Fla., for C & S Nat. Bank.

ORDER ON OBJECTION
TO CLAIM # 123

(CITIZENS AND SOUTHERN NATIONAL BANK)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is an Objection by Florida Precast Concrete, Inc. (Debtor) to the amended claim filed by Citizens and Southern National Bank (C & S). The claim was originally filed on September 15, 1989 as a secured claim in the amount of $1,400,760.72. C & S has filed an amended claim in the amount of $1,533,-767.13. The Debtor objects to the C & S claim on the grounds that the claim for interest is calculated at the contractual default rate, and the claim for attorney's fees and costs provides no breakdown of the amounts sought. The facts which are relevant to the resolution of the issues before this Court as appear from the record can be briefly summarized as follows.

The Debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on April 8, 1989. During the pendency of the Chapter 11 case C & S filed a motion seeking relief from the automatic stay in order to recover its collateral. The

Motion was denied by this Court based upon the oversecured position of C & S and the Debtor's periodic payments to C & S. This Court granted C & S adequate protection payments including interest calculated at the non-default rate. C & S appealed the Order of adequate protection and, on September 10, 1991, the District Court determined that the bank was entitled to receive interest at the default rate if, in fact, the bank was oversecured. The District Court remanded the case to this Court for a determination of C & S' oversecured position. The adequate protection issue was rendered moot by the intervention of confirmation of the Debtor's Plan of Reorganization in October, 1989. Both parties concede that C & S is oversecured. Based upon the foregoing the Debtor contends that C & S must be oversecured and the Debtor must be insolvent in order for C & S to be entitled to interest calculated at the contractual default rate pursuant to § 506(b) of the Bankruptcy Code.

Section 506(b) of the Bankruptcy Code provides in pertinent part as follows:

§ 506. Determination of Secured Status

(b) To the extent that allowed secured claims are secured by property at the value of which, after any recovery under subsection (c) of this section, is granted in the allowed amount of such claim there shall be allowed the holder of such claim, interest on such claim and any reasonable fees, costs or charges provided for under the agreement which such claim arose.

■ It is clear that Section 506(b) entitles the holder of an oversecured claim to postpetition interest, and in addition, gives one holding a secured claim created by an agreement, the right to reasonable fees, costs, and charges provided for in that agreement. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *In re Anderson*, 833 F.2d 834 (9th Cir.1987). The Bankruptcy Code provides creditors with certain statutory rights to interest where the creditor is oversecured, or where the debtor's estate ultimately proves to be solvent. *In re Sublett*, 895 F.2d 1381 (11th Cir.1990) *In re Anderson, supra.*

■ The Debtor contends that the limitation upon a secured creditor's entitlement to a default rate of interest is two-fold: the creditor must be oversecured, and the Debtor must be solvent. There is nothing in the language of § 506 or in the caselaw interpreting the Section which warrants this reading. Such a limitation would leave oversecured creditors with the ability to obtain default interest on their claim only in cases where the Debtor is solvent. Experience has shown that those cases are rare. In this case the parties agree that the C & S claim is oversecured. Based upon the foregoing, this Court finds that C & S is entitled to interest calculated at the default rate of interest.

■ This leaves for consideration the issue of the attorney's fees and costs claimed by C & S as part of their proof of claim. This Court directed C & S to provide the Court with a detailed statement of the services rendered and costs incurred, in order for this Court to determine the reasonableness of these fees and costs. In view of C & S' failure to provide this statement, it is appropriate to sustain the Debtor's objection to the claim.

Accordingly, it

ORDERED, ADJUDGED AND DECREED, that the Debtor's Objection to the Claim of C & S is hereby overruled in part and sustained in part. The C & S claim shall be allowed as to the request for contractual default interest, and disallowed as to the request for attorney's fees and costs.

DONE AND ORDERED.